Mr. Justice Cox
delivered the opinion of the court.
In this case it appears that Alteneck’s application has been rejected by the Commissioner on the ground that his alleged invention was in public use and on sale for more than two years before the time when his application for a patent was filed. This is a sufficient ground for the rejection of an application for a patent, if it be sufficiently established.
The appellant complains that no notice was given him of the intention to take and file affidavits, and that no opportunity was given him by the Commissioner to cross-examine the affiants, and so the facts appear. . When the Commissioner has personal knowledge of the prior use and sale, or other fact pertinent to the question of patentability, he is authorised to act upon that knowledge ; but when he does not- possess such knowledge, and has to acquire his information through the testimony of others, the examination becomes a kind of judicial inquiry, and when the testimony is furnished by those in adverse interest it becomes substantially a con test,although the proceeding is in form ex parte. In such case justice requires that the fate of the application be determined by proof which conforms to the fundamental canons of the law of evidence. According to these, ex parte affidavits, taken without opportunity to cross-examine, are in no case admissible upon the merits of a cause, though, from necessity, they are relied upon to determine collateral issues that spring up during its progress.
It appears that time was given to Alteneck within which to *354 rebut the allegations of public use and sale made in the affidavits. The right to cross-examine is, however, quite as important as the right to rebut. It is clear that if the statutes authorize the Commissioner of Patents, with the approval of the Secretary of the Interior, to institute proceedings for inquiring into allegations of public use or sale of an invention, such as are made by the affidavits in this case, and if, in such proceedings, the law contemplates the examination and cross-examination of witnesses, then it cannot be in accordance with law finally to reject an application for a patent upon mere ex parte affidavits taken without notice and cross-examination.
"We have examined the statutes, and are of opinion that sufficient authority exists to warrant the Commissioner of Patents in instituting an inquiry into allegations of public use or sale of an invention upon which a patent is claimed, having occurred more than two years before the application for patent was filed.
As it seems to be the duty of the Commissioner of Patents to examine these questions thoroughly whenever they arise bona fide in connection with an application for a patent, and as no such examination appears to have been made in this case, in which the usual methods of examination and cross-examination under oath were resorted to, we do not think the Commissioner was justified in finally rejecting Alteneck’s application for a patent, and cannot confirm his decision.